1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

        Plaintiff,

    v.

WALTER WEINBERG *et al.,*

        Defendants.

Case No.  C06-5172FDB

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION FOR
LEAVE TO CONDUCT
DISCOVERY,
CONSOLIDATING PLAINTIFF'S
MULTIPLE MOTIONS FOR
INJUNCTIVE RELIEF, CALLING
FOR A RESPONSE TO
PLAINTIFF'S MOTIONS FOR
INJUNCTIVE RELIEF,
DIRECTING PLAINTIFF TO
SHOW CAUSE WHY
SANCTIONS SHOULD NOT BE
IMPOSED, AND DENYING
APPOINTMENT OF COUNSEL

      This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28

U.S.C. § 636(b)(1)(B).  Plaintiff has been given leave to proceed *in forma pauperis.*  Between July 10th,

2006 and July 14th, 2006 plaintiff filed multiple motions in this case.  The motions are:

      1.      Motion for access.  (Dkt. # 21).

      2.      Motion for leave to conduct discovery.  (Dkt. # 22).

3.      Motion for Emergency TRO supplemental new evidence.  (Dkt. # 24).

4.      Motion for TRO.  (Dkt. # 25).

5.      Motion for TRO.  (Dkt. # 26).

6.      Motion on court access.  (Dkt. # 27).

7.      Motion for a Protective Order.  (Dkt. # 28).

8.      Motion for appointment of counsel.  (Dkt. # 29).

A.      <u>Discovery</u>.

The court first considers Mr. Scott's request to conduct discovery.  (Dkt. # 22).  Mr. Scott needs leave of court to conduct any discovery and discovery must be submitted to the court.  The court has found this sanction necessary because of Mr. Scott's past abuses in the discovery process.

Mr. Scott's request for live depositions is **DENIED.**  All discovery conducted by Mr. Scott will be in writing and approved by the court. Mr. Scott has submitted proposed discovery in this case.  (Dkt. # 23).  By allowing certain discovery the court is not endorsing any question or request as being proper. Further, it is not the court's intention to raise objections that may be appropriate, however the court does intend to monitor plaintiff's requests to ensure discovery is not abusive or obviously beyond the scope of what is allowable.

Mr. Scott's proposed discovery is found in (Dkt. # 23).  Mr. Scott's request for admissions to Defendants Denny, Jones, and Richards, will be allowed.  Defendants Denny, Jones, and Richards will have thirty days from entry of this order to admit, deny, or object to the requests.

Mr. Scott's request for production of documents number one propounded to defendant Weinberg, request number 1, will be limited to "write ups" or "BMR'S" where Mr. Scott was the person receiving the BMR or write up.  Requests for production of documents propounded to defendant Weinberg five through eight will not be allowed.  These requests are for personnel files and other personal information, as worded the requests invade the defendants privacy beyond what is necessary or reasonable for discovery.  Requests for production of documents two through four and nine through eleven will be allowed.

The first set of interrogatories to defendants Jones, McLaughlin, Richard's, and Weinberg as filed will be allowed.  Defendants have thirty days from entry of this order to answer or object to the interrogatories.

ORDER
Page - 2

B.      Appointment of counsel.

Plaintiff asks for appointment of counsel but does not address the legal standard the court must consider.  (Dkt. # 29).  Plaintiff has been made aware of the standard repeatedly since 2004.  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate their his claims *pro se* in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.  Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. # 29) is **DENIED**

C.      Injunctive Motions.

In (Dkt. # 21) Mr. Scott complains "the defendant took all records of the complaint and all discovery."  Plaintiff indicates the records are on his computer and on "discs and floppys [sic]."  (Dkt. # 21).  Mr. Scott asks the court to order return of his property.

In (Dkt. # 24) Mr. Scott complains of restrictions that have been placed on him.  He writes "see attached exhibit.  The ultimate show stopper, or in this case, case stopper."   The exhibit shows a restriction on writing materials that specifically allows for legal correspondence.  (Dkt. # 24, Exhibit 1). Mr. Scott does not indicate in this motion what relief he is seeking.

In (Dkt. # 25) Mr. Scott again complains of writing restrictions, and others, such as room restrictions.  While he attempts to implicate his civil commitment proceedings, those proceedings are not before this tribunal.  Mr. Scott asks for an order that would prevent any SCC staff from placing any restriction on his correspondence.

In (Dkt. # 26) Mr. Scott again complains of his room restrictions and the taking of his computer. He asks the court to "design a set of restrictions on how far the defendants and their fellow employees can go to stop my [his] court access and retaliate."

In (Dkt. # 27) Mr. Scott alleges he cannot proceed without free copies and aks the court to order the defendants to provide Mr. Scott with free copies.  The attached document shows Mr. Scott receives 90 free copies per month and is allowed additional free copies for his commitment case.

In (Dkt. # 28).  Mr. Scott complains of alleged retaliation and places before the court the same restrictions he placed before the court in (Dkt. # 25).  He also again complains of the taking of his computer.  Mr. Scott asks for protection, but does not specifically indicate what action he wants the court to take.  One of the Exhibits to this motion shows a Behavioral Management Report written at 9:30 A.M. on July 5th, 2006 by Mr. Weinberg about Scott writing a letter that contains threats and "intimidations." (Dkt. # 25, Exhibits).

In response defendant's counsel has requested sanctions.  Counsel notes that Mr. Scott litigates under court ordered restrictions and counsel argues Mr. Scott is in violation of those restrictions by filing motions that are duplicative and repetitive.

Paragraph 6 of the sanctions order entered in a number of Mr. Scott's cases states " Plaintiff is prohibited from filing any duplicative or repetitive motion in an action.  The filing os such motions **will result in monetary sanctions or dismissal of the action."**  (Scott v. Deny, 04-CV-5574RBL, Dkt. # 76)(emphasis added).

The court now **ORDERS**:

1.      Plaintiff's multiple motions, (Dkt. # 21, 24, 25, 26, 27, and 28) are consolidated as one motion.  A single responsive pleading from defendants will be filed on or before **September 22nd, 2006.**  A reply may be filed on or before **September 29th, 2006.**

2.      In the response defendants will address why Mr. Scott's computer was taken, why Mr. Scott is on paper restrictions and room restrictions, and how many free copies Mr. Scott receives in a month. The court requires supporting documentation in the response.  By way of example, if defendants contend plaintiff sent a threatening letter the court needs a copy of the letter on file in this case.  If defendants contend plaintiff misused his computer documents showing his misuse need to be placed in the record.

3.      Plaintiff will show cause on or before **September 8th, 2006** why sanctions should not be imposed for the filing of repetitive motions.  The court may then consider what, if any,

sanctions are appropriate.

The clerk is directed to send a copy of this order to plaintiff and counsel for defendants and to remove (Dkt numbers 21, 22, 24, 25, 26, 27, 28, and 29) from the courts calendar. The Clerk should also note the due dates of **September 8th, 2006**, and **September 29th**, 2006.

DATED this 3rd day of August, 2006.

/S/ _J. Kelley Arnold_
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 5