1

2

3

4

5

6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8
_____

9
RICHARD ROY SCOTT,                                  )
                                                    )
                                                    )          No. C06-5172FDB
10
                              Plaintiff,             )
                                                    )          ORDER ADOPTING REPORT AND
11
                v.                                  )          RECOMMENDATION AND ORDER
                                                    )          RESTRICTING FUTURE *IN FORMA*
WALTER WEINBERG, *et al.*,                          )          *PAUPERIS* FILINGS
12
                                                    )
                              Defendants.            )
13
_____)

14
                          **I.  INTRODUCTION**

15
       This matter comes before the Court on the Honorable J. Kelley Arnold's "Report and

16
Recommendation to Deny Injunctive Relief, Dismiss This Action as Malicious, Declare Plaintiff

17
a Vexatious Litigant, and Limit Future Filings IFP" (Dkt. #75).  Because Judge Arnold

18
recommends limiting plaintiff Richard Roy Scott's future filings *in forma pauperis* in this

19
district, the Report and Recommendation was referred to the Chief Judge for review.  This Court

20
adopts the Report and Recommendation, and for the additional reasons set forth below, enters

21
the recommended vexatious litigant pre-filing restriction against plaintiff.

22
                          **II.  DISCUSSION**

23
**A.  Background**

24
       Plaintiff is civil detainee currently being housed at the Special Commitment Center for

25

26
ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS

1   sexually violent predators operated by the State of Washington.  This action was stayed pending

2   the Court's consideration of Judge Arnold's Report and Recommendation.  See Dkt. #94.  The

3   Court writes this opinion to address and adopt Judge Arnold's recommendation for a vexatious

4   litigant order with pre-filing restrictions in accordance with the Ninth Circuit's guidelines set

5   forth in De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

6   **B.  Analysis**

7        "District courts have the inherent power to file restrictive pre-filing orders against

8   vexatious litigants with abusive and lengthy histories of litigation.  Such pre-filing orders may

9   enjoin the litigant from filing further actions or papers unless he or she first meets certain

10  requirements, such as obtaining leave of the court or filing declarations that support the merits of

11  the case. "  Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999) (internal

12  citation omitted).

13       **1.  Vexatious Litigant Pre-Filing Restriction Standard**

14       In De Long, the Ninth Circuit established a four-part guideline for district courts to

15  follow in restricting a plaintiff's future filings through a "vexatious litigant order":  (1) the

16  plaintiff must be "provided with an opportunity to oppose the order before it [is] entered"; (2)

17  the court must "create an adequate record for review"; (3) the court must make "substantive

18  findings as to the frivolous or harassing nature of the litigant's actions"; and (4) the order "must

19  be narrowly tailored to closely fit the specific vice encountered."  De Long, 912 F.2d at 1147-

20  48.

21            **a.  Notice**

22       In this case, plaintiff has been given notice and ample opportunity to oppose the pre-filing

23  restriction.  Judge Arnold's Report and Recommendation was filed on October 13, 2006, and

24  was set for consideration for November 3, 2006.  See Dkt. #75.  On October 20, 2006, plaintiff

25

26  ORDER ADOPTING REPORT AND RECOMMENDATION
    AND ORDER RESTRICTING FUTURE
    *IN FORMA PAUPERIS* FILINGS                    -2-

filed his "Response to R&R."  See Dkt. #78.  The entire text of plaintiff's objection to the Report and Recommendation states:  "We object and submitt [sic] exhibit 1 the forensic inspection* of our computer.  This court was lied to and and [sic] choose [sic] to believe that lie.  Shame on it," with the footnote, "*IT found no nudes at all!"[1]  In a second response to the Report and Recommendation, on October 30, 2006, plaintiff filed a "Supplement New Discovery Exhibit in Response to R&R."  See Dkt. #81.  This filing did not substantively respond to the Report and Recommendation, it simply enclosed a supplemental exhibit.  Id.  On November 8, 2006, plaintiff responded again to the Report and Recommendation by filing his "Response to response:  Objection to R&R."  See Dkt. #88.[2]  Plaintiff filed a fourth response to the Report and Recommendation on December 19, 2006 by submitting his "Supplement New Exhibit in Response to R&R."  See Dkt. #89.  Again, this filing did not substantively respond to the Report and Recommendation, it simply enclosed a supplemental exhibit.

The Ninth Circuit's guideline that the plaintiff be "provided with an opportunity to oppose the order before it [is] entered" has been satisfied in this case because the Court has given plaintiff four months to oppose Judge Arnold's recommendation restricting plaintiff's future *in forma pauperis* filings, and plaintiff has submitted four filings in response.  See Dkt. ##78, 81, 88, 89.  Despite plaintiff's four responses to the Report and Recommendation, plaintiff

---

[1] Judge Arnold, however, found and concluded that "[p]ictures of young boys without shirts and one picture of a woman without a top on were discovered" in addition to "software that allowed him to erase data on his computer.  Residents in the Special Commitment Center are not allowed pictures of this nature or software that allows them to delete data from their computers."  See Dkt. #75 (Report and Recommendation) at 5.

[2] The entire text of this third response to the Report and Recommendation states:  "One fact not mentioned for good reason is all the images where [sic] sent to me by either the state prosecutor or my former lawyers, because I am pro se.  The superior [sic] [court] ruled I must be given all discovery.  The imagines [sic] the state sent were captured of [sic] the internet, as were my attorneys [sic] images.  All these were sent on floppies or discs and inspected by the mail room staff and the SCC investigator or computer staff (joel [sic] Eussan[)]."  See Dkt. #88 (Response to response: Objection to R&R) at 1.

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                    -3-

has neither addressed nor opposed Judge Arnold's pre-filing restriction recommendation.

### b.  Adequate Record for Review

As a part of a vexatious litigant order, the Ninth Circuit guides the district court to provide "an adequate record for review."  De Long, 912 F.2d at 1147.  "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. . . .  At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive."  Id. (citing Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (35 related complaints filed) and In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982) (over 50 frivolous cases filed)).

As the table below illustrates, plaintiff's litigation activities have been numerous.  Plaintiff has filed 45 actions in this district, and 33 of these actions have been filed within the past 3 years.  Of the 45 actions, only 3 cases including the above-captioned matter remain pending.  The other actions were dismissed or not permitted to proceed.  As the table below also demonstrates, plaintiff is not unfamiliar to the Ninth Circuit Court of Appeals.

**45 Actions Filed by Richard Roy Scott in the Western District of Washington**:

|  | Parties | Cause No. | Disposition |
|---|---|---|---|
| 1. | Scott v. Reardon, et al. | CV86-896-CRD-PKS | Dismissed on July 28, 1989 (Dkt. #290). Appeal (CCA#89-35559) dismissed on March 18, 1991 (Dkt. #295). |
| 2. | Scott v. Indeterminate Sentence Review Bd., et al. | CV88-592-RJB | Dismissed on December 17, 1991 (Dkt. #127).  Appeal (CCA#92-35052) dismissed on January 7, 1993 (Dkt. #149). |
| 3. | Scott v. Riveland, et al. | CV88-638-RJB | Dismissed by stipulation on September 25, 1991 (Dkt. #147). |

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                -4-

| 4. | Scott v. State of Washington, et al. | CV90-5364-RJB-FDB | Dismissed through consolidation with CV88-592 (Dkt. #18) on December 4, 1990. |
| 5. | Scott v. Gier, et al. | CV92-5152-RJB | Dismissed on June 1, 1993 (Dkt. #105). Appeal (CCA#93-35565) dismissed on July 6, 1993 (Dkt. #121); affirmed on September 2, 1994 (Dkt. #127) (CCA#93-35629). |
| 6. | Scott, et al. v. Peterson, et al. | CV92-5232-RJB | Dismissed on June 5, 1996 (Dkt. #475). Judgment entered on acceptance of offer of judgment (Dkt. #364, #424). |
| 7. | Scott, et al. v. Peterson, et al. | CV92-5275-RJB | Dismissed through consolidation with CV92-5232 (Dkt. #63) on June 10, 1993. |
| 8. | Scott v. Vail, et al. | CV93-5266-RJB-FDB | Dismissed through consolidation with CV92-5232 (Dkt. #26) on September 29, 1993. |
| 9. | Scott v. Geier, et al. | CV93-5443-RJB | Dismissed on October 23, 1994 (Dkt. #191). |
| 10. | Scott, et al. v. Locke, et al. | CV03-5057-RJB | Dismissed for failure to state a claim on April 15, 2003 (Dkt. #15). |
| 11. | Scott v. Lehman, et al. | CV03-5099-FDB | Dismissed on December 22, 2003 (Dkt. #158) for failure to state a claim. Appeal dismissed (CCA#04-35065) on June 28, 2004 (Dkt. #176). |
| 12. | Scott v. Seling, et al. | CV03-5398-RBL | Dismissed on May 17, 2006 (Dkt. #227). Appeal (CCA#06-35514) pending (Dkt. #237). |
| 13. | Scott v. Blackman, et al. | CV04-5027-RJB | Dismissed by stipulation on October 14, 2004 (Dkt. #45). Appeal (CCA#04-36119) dismissed on January 21, 2005 (Dkt. #65). |
| 14. | Scott v. Seling, et al. | CV04-5147-RJB | Dismissed on December 3, 2004 (Dkt. #149). Appeal (CCA#05-35036) pending (Dkt. #190). |
| 15. | Scott v. Sultemeier, et al. | CV04-5365-RJB | Dismissed by stipulation on February 2, 2005 (Dkt. #111). Appeal dismissed (CCA#04-36026) on February 18, 2005 (Dkt. #114). |

| 16. | Scott, et al. v. Lehman | CV04-5505-FDB | Dismissed on September 1, 2004 under Fed. R. Civ. P. 41 (Dkt. #8).  Appeal dismissed (CCA#05-35399) on Oct. 3, 2005 (Dkt. #20). |
|-----|-------------------------|----------------|------------------------------------|
| 17. | Scott v. Lehman, et al. | CV04-5521-FDB | Dismissed by sanction (Dkt. #80) on April 5, 2005.  Appeal dismissed (CCA#05-35397) on October 3, 2005 (Dkt. #93). |
| 18. | Scott v. Denny, et al. | CV04-5574-RBL | Dismissed by sanction (Dkt. #76) on April 5, 2005.  Appeal (CCA#05-35414) pending (Dkt. #88). |
| 19. | Scott v. Richards, et al. | CV04-5582-RBL | Dismissed by sanction (Dkt. #100) on April 5, 2005. |
| 20. | Scott v. Diaz | CV04-5598-RBL | Dismissed by sanction (Dkt. #42) on April 5, 2005.  Appeal (CCA#05-35405) pending (Dkt. #54). |
| 21. | Scott v. State of Washington | CV04-5707-RBL | Dismissed by sanction (Dkt. #24) on April 5, 2005.  Appeal dismissed (CCA#05-35411) on October 3, 2005 (Dkt. #33). |
| 22. | Scott v. County of Pacific, et al. | CV04-5813-RJB | Dismissed under Fed. R. Civ. P. 41 (Dkt. #28) on April 5, 2005.  Appeal dismissed (CCA#05-35400) on October 3, 2005 (Dkt. #37). |
| 23. | Scott v. Seling, et al. | CV04-5823-RBL | Dismissed on February, 3, 2005 (Dkt. #20).  Appeal (CCA#05-35401) dismissed on October 3, 2005 (Dkt. #33). |
| 24. | Scott v. State of Washington | CV04-5896-RBL | Dismissed by sanction (Dkt. #12) on April 5, 2005.  Appeal (CCA#05-35404) dismissed on October 3, 2005. |
| 25. | Scott v. Pacific County, et al. | CV05-5711-RBL | Dismissed on Oct. 4, 2006 (Dkt. #62).  Appeal (CCA#06-80100) not permitted to proceed because it lacked merit (Dkt. #69). |
| 26. | Scott v. Seling, et al. | CV05-5760-RJB | Dismissed on March 2, 2006 (Dkt. #17).  Appeal (CCA#06-35202) dismissed on October 10, 2006 (Dkt. #28). |
| 27. | Scott v. State of Washington | CV06-462-JCC | Dismissed on January 4, 2007 (Dkt. #28). |

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                    -6-

| 28. | Scott v. King County | CV06-731-TSZ-JPD | Pending.  Appeal (CCA#06-35749) dismissed on November 17, 2006 (Dkt. #27). |
|-----|----------------------|------------------|---------------------------------------------------------------------------|
| 29. | Scott v. Hackett | CV06-909-TSZ | Dismissed for failure to state a claim on December 14, 2006 (Dkt. #19).  Appeal (CCA#06-80100) not permitted to proceed on March 1, 2007 because it lacked merit (Dkt. #23). |
| 30. | Scott v. King County | CV06-910-RSL-MAT | Dismissed on December 1, 2006 (Dkt. #12). |
| 31. | Scott v. Davis | CV06-1052-MJP-JPD | Pending.  On February 6, 2007, plaintiff filed Fed. R. Civ. P. 41 motion for voluntary dismissal (Dkt. #16). |
| 32. | Scott v. Weinberg, et al. | CV06-5172-FDB | Stayed pending the outcome of this Order (Dkt. #94). |
| 33. | Scott v. Bailey | CV06-5173-RBL | Dismissed on February 22, 2007 (Dkt. #69). |
| 34. | Scott v. Nerio, et al. | CV06-5340-RJB-JKA | Pending. |
| 35. | Scott v. Special Commitment Center, et al. | CV06-5359-RBL | Dismissed on December 21, 2006 (Dkt. #6). |
| 36. | Scott v. Anderson, et al. | CV06-5412-FDB | Dismissed on November 17, 2006 (Dkt. #13). |
| 37. | Scott v. Judicial Dispute Resolution, et al. | CV06-5611-RBL | Dismissed on December 21, 2006 (Dkt. #9). |
| 38. | Scott v. Hackett, et al. | CV06-5612-FDB | Dismissed on December 22, 2006 (Dkt. #9). |
| 39. | Scott v. Brown, et al. | CV06-5613-RBL | Dismissed on December 21, 2006 (Dkt. #9). |
| 40. | Scott v. Denny | CV06-5614-FDB | Dismissed on November 27, 2006 (Dkt. #10). |
| 41. | Scott v. State of Washington | MC05-5029-RSL (Dkt. #8) | Not permitted to proceed under the Court's April 5, 2005 Order (Dkt. #11). Appeal (CCA#06-35039) dismissed on January 31, 2006.  Failed to verify that issues had not been previously litigated (Dkt. #22). |

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                    -7-

| | | | |
|---|---|---|---|
| 42. | Scott v. State of Washington | MC05-5029-RSL (Dkt. #19) | Not permitted to proceed under the Court's April 5, 2005 Order (Dkt. #82). Failed to verify that issues had not been previously litigated. |
| 43. | Scott v. Richards | MC05-5029-RSL (Dkt. #27) | Not permitted to proceed under the Court's April 5, 2005 Order (Dkt. #33). Appeal (CCA#06-35239) dismissed on April 11, 2006 because it raised previously litigated issues (Dkt. #57). |
| 44. | Scott v. Diaz | MC05-5029-RSL (Dkt. #39) | Not permitted to proceed under the Court's April 5, 2005 Order (Dkt. #42). Raised previously litigated issues. |
| 45. | Scott v. Cunningham, et al. | MC05-5029-RSL (Dkt. #50) | Not permitted to proceed under the Court's April 5, 2005 Order (Dkt. #54). Raised previously litigated issues. |

Not only has plaintiff filed numerous actions in this district as listed above, but his filings are so numerous, repetitive, and abusive that a vexatious litigant order is justified. Judge Arnold's Report and Recommendation outlines the numerous and repetitive motions filed in this case, including plaintiff's 17 motions filed in July and August of 2006:

On September 14th, 2006, the court found it necessary to stay this action. (Dkt. #62). In July 2006, plaintiff filed six repetitive motions for injunctive relief. (Dkt. # 21, 24, 25, 26, 27, and 28). In August of 2006 the court called for a response from the defendants (Dkt. # 38). Plaintiff had filed a total of eleven more motions by the time the court stayed the action, bringing his total number of pending motions to seventeen. Plaintiff's multiple filings made the case difficult to manage and were filed at a time when defense counsel was under a court ordered deadline to file a response regarding the first six motions for injunctive relief.

See Dkt. #75 at 2. Additionally, plaintiff's numerous, frivolous, and abusive motions in cause numbers: C04-5147, C04-5521, C04-5365, C04-5574, C04-5582, C04-5598, C04-5707, C04-5813, C04-5823, C04-5896 and C04-5505, are described in detail in the March 1, 2005 Report and Recommendation. See Dkt. #169 (Report and Recommendation) in C04-5147. The findings entered in the March 1, 2005 Report and Recommendation, as adopted by the April 5, 2005 "Order Adopting Report and Recommendation," are also incorporated here in support of

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                -8-

1
2
this vexatious litigant order.  See Dkt. #170 (Order Adopting Report and Recommendation) in C04-5147.

3
### c. Findings of Frivolousness or Harassment

4
5
6
7
8
9
"[B]efore a district court issues a pre-filing injunction against a pro se litigant, it is incumbent upon the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'  To make such a finding, the district court needs to look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims."  De Long, 912 F.2d at 1148 (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)) (internal citation omitted).

10
11
12
13
14
The frivolous and harassing nature of Richard Roy Scott's actions have been extensively catalogued in Judge Arnold's Report and Recommendation (Dkt. #75) and the March 1, 2005 Report and Recommendation entered in C04-5147 as adopted by the April 5, 2005 "Order Adopting Report and Recommendation."  See Dkt. ##169, 170 in C04-5147.  In the interest of judicial economy, the Court incorporates these previous findings here.

15
16
17
18
19
20
21
22
23
24
25
Additionally, the Court finds that the number of complaints filed by plaintiff is inordinate as detailed in section II.B.1.b above and justifies the recommended pre-filing restriction.  See Demos v. United States Dist. Court for the Eastern Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) (holding that petitioner had abused his privilege of filing petitions *in forma pauperis* in the Ninth Circuit based on the filing of 24 petitions); De Long, 912 F.2d at 1148 ("[E]ven if De Long's habeas petition is frivolous, the court did not make a finding that the number of complaints was inordinate.").  Although a pre-filing injunction may not issue only on a showing of litigiousness, an injunction here is justified given that plaintiff's filings have largely been without merit.  See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) ("An injunction cannot issue merely upon a showing of litigiousness.  The plaintiff's claims must not only be numerous, but also be patently without merit.") (citing In re Oliver, 682 F.2d 443, 446 (3d Cir.

26
ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                   -9-

1982)).  In this case, like the actions in <u>Oliver</u>, plaintiff's cases have in large part been patently

without merit.  In none of plaintiff's 45 actions has he stated a claim sufficient to require a trial

on the merits.[3]  <u>See</u> Oliver, 682 F.2d at 446 ("The record suggests that Oliver's claims have been

not only numerous but patently without merit – none has yet stated a claim sufficient to require a

hearing.").

Finally, the Court finds that plaintiff's claims show a pattern of harassment warranting

entry of the recommended pre-filing restriction.  <u>See</u> <u>De Long</u>, 912 F.2d at 1148 ("An alternative

to the finding of frivolousness is the finding that De Long's claims show a pattern of

harassment.").  Throughout plaintiff's actions, he has harassed the court and its officers,

including:  district court judges, magistrate judges, law clerks, staff, and defense counsel.  <u>See,</u>

<u>e.g.</u>, Dkt. #78 (magistrate judge); Dkt. #10 (magistrate judge), Dkt. #22 (defense counsel), and

Dkt. #140 (law clerk) in C04-5147; Dkt. #38, Ex. 2 in C04-5574 (defense counsel).  Plaintiff has

attempted to clog the court's docket by encouraging fellow Special Commitment Center

residents to spawn repetitive litigation and avoid consolidation.  <u>See</u> Dkt. #29-3 in C04-5582

(stating in part "At this point joinder or consolidation of the suits will not be asked for.  I want

them (The SCC AAG's [Assistant Attorneys General]) to answer 20-30 times.  And respond

alike [sic] number of times to discovery request [sic].  That will encourage SCC to offer a proper

settlement.  Even so the court may try to consolidated [sic] <u>these identical claims</u> from the get

go.  Or SCC may move for consolidation.  We'll oppose same, as long as possible.  As with [sic]

appointment of an attorney.  Attorney's [sic] tend to go for a fast cash out[.]") (emphasis added).

---

[3]  While it is true that three of plaintiff's actions were dismissed by stipulation after entry of a
settlement agreement, plaintiff did not prevail for any purpose in the actions as the settlement agreements
expressly state.  <u>See</u> Dkt. #108-2 in CV04-5365 at ¶9 ("The parties agree that neither party is to be
considered a prevailing party in this action for any purpose").  And <u>Scott v. Peterson, et al.</u> (CV92-5232)
was resolved by plaintiff's acceptance of defendants' $500 offer of judgment under Fed. R. Civ. P. 68.
<u>See</u> Dkt. #364, #424.

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                    -10-

1   Plaintiff has also harassed opposing parties in his lawsuits.  For instance, in <u>Scott v.</u>

2  <u>Richards, et al.</u>, plaintiff requested admissions from defendants such as:  "I am short and very

3  much overweight, so I like to throw my weight around weaker people" and "I tortured little

4  helpless animals when I was younger."  <u>See</u> Dkt. #29-2 in CV04-5582 at 2-3.  Plaintiff also

5  sends harassing letters to defendants in his cases.  <u>See, e.g.</u>, <u>id.</u> at 10 ("Denny, I received you

6  [sic] lying bull this AM.  I was hoping you'd changed.  Shame on you!  I've been patient but no

7  more.  A triple curse and welcome to the defendants [sic] circle.").  In <u>Scott v. Nerio, et al.</u>,

8  plaintiff submitted harassing written deposition questions to the defendants.  <u>See, e.g.</u>, Dkt. #42-

9  2 in C06-5340 at 6 ("Do you read magizines [sic]?  Like Newsweek?  Aren;t [sic] there in fact

10  often frontal nudes of little boys often?"); <u>id.</u> at 2, 6, 8, 10 (asking party deponents whether they

11  have any underage children or grandchildren).  Accordingly, the Court finds that plaintiff's

12  activities demonstrate a pattern of harassment justifying entry of the recommend restriction on

13  plaintiff's *in forma pauperis* filings.

14  ### d.  Breadth of the Order

15   Pre-filing restrictive orders are permitted if the order is "narrowly tailored to closely fit

16  the specific vice encountered."  <u>De Long</u>, 912 F.2d at 1148.  Here, the pre-filing restriction is

17  narrowly tailored to fit plaintiff's specific practices.  In the court's previous attempt to curb

18  plaintiff's frivolous, duplicative, and harassing litigation practices, the April 5, 2005 order

19  required, in part, that:

20   (1) . . . plaintiff shall submit a signed affidavit, along with the proposed complaint,
     verifying under penalty of perjury that none of the issues raised in the proposed
21   complaint have been litigated in the past by the plaintiff. . . (6) Plaintiff is
     prohibited from filing any duplicative or repetitive motion in an action. . . . (7)
22   Plaintiff shall not file a motion for reconsideration without making a specific
     showing that the motion meets the criteria set forth in the local rules for filing such
23   a motion.

24  Dkt. #169 in CV04-5147 at 24.  The court entered this order "as a result of the disregard

25  plaintiff has shown for the Federal Rules of Civil Procedure, for the local rules of this court, and

26  ORDER ADOPTING REPORT AND RECOMMENDATION
    AND ORDER RESTRICTING FUTURE
    *IN FORMA PAUPERIS* FILINGS               -11-

1   for the contempt he has shown for the authority of the tribunal as evidenced in his violations of

2   the case management order, his inappropriate demeanor to the court, court staff, and opposing

3   parties." Id. at 25.  Despite this order, plaintiff filed five new actions in which he failed to

4   verify that the issues had not been previously litigated.  See MC05-5029 (Dkt. ##8, 19, 27, 39,

5   and 50).  And, undeterred by the court's April 5, 2005, order, as described in the Report and

6   Recommendation (Dkt. #75), plaintiff continued his frivolous litigation practices in this case,

7   including filing 10 repetitive motions for injunctive relief (Dkt. ## 21, 24, 25, 26, 27, 28, 47, 48,

8   58, and 61), and three noncompliant motions for reconsideration.  See Dkt. #75 at 2, 4.

9       Limiting plaintiff's *in forma pauperis* filings to situations where plaintiff is under

10  imminent danger of serious physical injury is consistent with the pre-filing requirements

11  authorized by 28 U.S.C. § 1915.  The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §

12  1915(g) provides that:

13      In no event shall a prisoner bring a civil action or appeal a judgment in a civil
        action or proceeding under this section [proceedings *in forma pauperis*] if the
14      prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
        facility, brought an action or appeal in a court of the United States that was
15      dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
        upon which relief may be granted, unless the prisoner is under imminent danger of
16      serious physical injury.

17      Given the Ninth Circuit's opinion in Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000),

18  holding that a plaintiff civilly committed under California's Sexually Violent Predators Act was

19  not a "prisoner" under the PLRA, the Court does not apply 1915(g)'s "three-strikes" provision to

20  plaintiff.[4]  Instead, the Court here follows De Long's vexatious litigant order guidelines in

21  _____

22      [4] The Court notes, however, that plaintiff has sustained at least three dismissals satisfying the
    definition of a "strike" under § 1915(g). See 28 U.S.C. § 1915(g) (defining a strike as dismissal of an
23  action or appeal on grounds that it is "frivolous, malicious, or fails to state a claim upon which relief my
    be granted"); Scott, et al. v. Locke, et al. (CV03-5057) (dismissed for failure to state a claim with the
24  court's finding that the dismissal counted as a strike under § 1915(g) (Dkt. #15)); Scott v. Lehman, et al.
    (CV03-5099) (dismissed for failure to state a claim); Scott v. Hackett (CV06-909) (dismissed for failure

26  ORDER ADOPTING REPORT AND RECOMMENDATION
    AND ORDER RESTRICTING FUTURE
    *IN FORMA PAUPERIS* FILINGS            -12-

entering the pre-filing restriction.  The Court, however, concludes that the policy objectives

underlying the PLRA are applicable to plaintiff's circumstance,[5] and accordingly, the Court

finds that 28 U.S.C. § 1915(g)'s pre-filing restriction is reasonable to enter in this case.

Furthermore, like 28 U.S.C. § 1915(g)'s filing limitation, the pre-filing restriction

recommended in this case does not prohibit plaintiff from accessing the court to protect his

rights if he pays the filing fee.[6]  It only prevents plaintiff, with a history of abusing the legal

system, from continuing to enjoy his *in forma pauperis* status.  Plaintiff has previously provided

the Court with submissions showing that he, at times, receives a monthly income.  See, e.g., Dkt.

#6 in CV06-462 (IFP Application) (stating that he receives a "$50 draft a month" as "Director

WMPS Inc. a non-profit chairity [sic]"); Dkt. #1 in CV03-5398 (IFP Application) (stating that

he receives "10 bucks a month from sister").  While one of plaintiff's latest statements from his

Special Commitment Center account shows a positive balance of only $10.72, the statement also

_____

to state a claim).

[5]  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 318 n.3 (3d Cir. 2001) (examining the legislative
purpose behind 28 U.S.C. § 1915(g):  "[P]risoners have very little incentive not to file nonmeritorious
lawsuits.  Unlike other prospective litigants who seek poor person status, prisoners have all the
necessities of life supplied, including the materials required to bring their lawsuits.  For a prisoner who
qualifies for poor person status, there is no cost to bring a suit, and, therefore, no incentive to limit suits
to cases that have some chance of success.  The filing fee is small enough not to deter a prisoner with a
meritorious claim, yet large enough to deter frivolous claims and multiple filings.  141 Cong. Rec. S7498-
01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl).").

[6]  See Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) ("Section 1915(g) does not
prohibit prisoners from accessing the courts to protect their rights.  Inmates are still able to file claims –
they are only required to pay for filing those claims.  In reaching our conclusion, we recognize that some
prisoners may be unable to prepay filing fees, and will thereby be unable to bring their actions
immediately.  However, non-prisoners face similar concerns.  Some prisoners will be required to save
money in order to prepay a filing fee and bring a claim.  Again, non-prisoners face that same situation.
Section 1915(g) does require prisoners to be fiscally responsible and make decisions concerning the
merits of their case.").

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                          -13-

1   shows that over time, plaintiff has had a cash inflow of $1,705.23.  See Dkt. #13 in CV06-731 at

2   3.  Given the fact that plaintiff has shown that he periodically receives a monthly income, the

3   Court's filing restriction is narrow because it requires only that plaintiff be fiscally responsible

4   and save enough for a filing fee if he wants to initiate another lawsuit.[7]  If plaintiff is "unwilling

5   to save [his] money and prepay filing fees, such a decision may be a good indicator of the merits

6   of the case."  Rodriguez, 169 F.3d at 1180.

7          Finally, the Court adopts entry of the recommended pre-filing restriction because it

8   comports with the Court's obligation to conserve judicial resources.  See O'Loughlin v. Doe,

9   920 F.2d 614, 618 (9th Cir. 1990) ("[W]e emphasize that [district courts] also bear an

10  affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated

11  attempts to misuse the courts.  Frivolous and harassing claims crowd out legitimate ones and

12  need not be tolerated repeatedly by the district courts."); In re Sindram, 498 U.S. 177, 179-80

13  (1991) ("The goal of fairly dispensing justice . . . is compromised when the Court is forced to

14  devote its limited resources to the processing of repetitive and frivolous requests.  *Pro se*

15  petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources

16  because they are not subject to the financial considerations – filing fees and attorney's fees –

17  that deter other litigants from filing frivolous petitions. . . . [T]he Court has a duty to deny *in*

18  *forma pauperis* status to those individuals who have abused the system.").

19

20

21          [7] Plaintiff has previously argued that requiring payment of filing fees would "deprive me of my
    pop, coffee, and hygeine [sic] supplies," and prevent him from "buy[ing] at Albertsons or outside
22  vendors; things like computer printing paper and ink . . . snacks, CDs, Videos, pop or juice, hobby
    supplies . . . xmas presents and birthday cards and gifts."  See Dkt. #11 (Objections to R&R re: I.F.P) in
23  CV04-5707 at 1-3.  Contrary to plaintiff's assertions, however, he does not have a constitutional right to
    *in forma pauperis* status so that he can maintain his "expendable" income.  Id. at 1 ("I do not have an
24  expendable $150 so how can I pay $150.");  Rodriguez, 169 F.3d at 1180 ("[W]e note that IFP status is
    not a constitutional right.").
25

26  ORDER ADOPTING REPORT AND RECOMMENDATION
    AND ORDER RESTRICTING FUTURE
    *IN FORMA PAUPERIS* FILINGS                    -14-

### III. CONCLUSION

Having reviewed the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge, plaintiff's objections thereto, defendants' responses, the remainder of the record, and Richard Roy Scott's other filings in this district, IT IS ORDERED:

1.    The Court adopts the Report and Recommendation (Dkt. #75);

2.    This action is DISMISSED under Fed. R. Civ. P. 11 and 28 U.S.C. § 1915(e)(2)(B)(i) as malicious, and the Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff;

3.    Plaintiff is DECLARED a vexatious litigant and is PROHIBITED from proceeding *in forma pauperis* in any future action in the United States District Court for the Western District of Washington, including actions filed in state court and transferred to the Western District of Washington, unless the Court determines that he is in imminent danger of death or serious injury.  This order shall continue in force until abated by the Court.

4.    The Clerk of Court is directed to docket any future motions by Richard Roy Scott for leave to proceed *in forma pauperis* in case number MC05-5029 for review by the Court consistent with the pre-filing restriction of this Order.

DATED this 26th day of March, 2007.

*MWt S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER RESTRICTING FUTURE
*IN FORMA PAUPERIS* FILINGS                    -15-